RUMFORD FALLS POWER COMPANY,

*vs.*

RUMFORD FALLS PAPER COMPANY.

Cumberland.        Opinion March 29, 1901.

*Action.   Assumpsit.   Covenant.   Evidence.   Damages.*

By an indenture between the plaintiff and the defendant, the former conveyed to the latter the perpetual right to take from one of the plaintiff's canals, and use, subject to the conditions named in the indenture, a definite quantity of water per second at an agreed head and fall, during certain days and hours, for the use of which the defendant covenanted to pay a fixed yearly rental. The indenture contained a covenant upon the part of grantee, "that the grantee shall not use at any time more water than is herein granted, or than it is entitled to use according to the terms hereof; and another covenant in which was the following provision, "neither the grantee, its successors or assigns, shall be subject to any damages by reason of any default herein, except from and after written notice of such default from the grantor, its successors or assigns, or from any persons or corporations injured."

In an action of assumpsit to recover compensation for an amount of water claimed to have been taken and used by the defendant in excess of the water specified in the indenture, *held;* that if water was taken and used by the defendant in excess of the quantity that it had a right to use, with the consent of the plaintiff, and under such circumstances as to raise an implied promise upon the part of the defendant to pay what the use of the water was fairly worth, then the action of assumpsit is proper and the only form of action, except that of debt, maintainable. And that this is precisely what was claimed by the plaintiff at the trial as shown by the instruction of the presiding justice to the jury.

*Also;* that the fact that the plaintiff had conveyed to the defendant the right to take and use a precisely defined quantity of water, did not prevent the parties from subsequently making a new and independent contract as to other water, the use of which had not been conveyed. Such independent subsequent contract might be written or oral, express or implied. Nor was it necessary, before such new and independent contract could be made, in relation to the use of the water remaining undisposed of, that the prior indenture should be in any way modified or rescinded by the parties.

The plaintiff introduced in evidence, subject to the defendant's objection and exception, certain bills rendered from time to time by the plaintiff to the defendant, containing charges for the water claimed to have been used by the

defendant in excess of the amount specified in the indenture. *Held;* that for the purpose of proving the implied contract relied upon by the plaintiff, they were admissible in evidence as having some tendency, in connection with other facts and circumstances, to prove such a contract.

Upon the plaintiff's motion for a new trial upon the ground that the verdict was contrary to the evidence, in that the amount of damages awarded by the jury was too small, the court is not satisfied that the amount of the verdict was so manifestly inadequate as to justify its disturbance.

On motion by plaintiff and exceptions by defendant. Overruled.

Assumpsit on account annexed and the common counts, for use of excess water by the defendant in its mill at Rumford Falls.

The case appears in the opinion.

*J. W. Symonds, D. W. Snow, C. S. Cook and C. L. Hutchinson; H. B. Cleaves; G. D. Bisbee,* for plaintiff.

*W. H. Clifford, E. C. Verrill, and N. Clifford; Benj. Thompson,* for defendant.

SITTING:  WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

WISWELL, C. J.   This case presents the somewhat novel situation of both parties desiring that the verdict should be set aside, the one upon exceptions, and the other upon a motion based upon the ground that the verdict was against the evidence, while each resists the contention of the other.

Defendant's exceptions.   At the time of the execution of the indenture hereinafter referred to, the plaintiff was the owner of land upon both sides of the Androscoggin river at Rumford falls and had erected dams and had built canals for the accumulation of the water of the river for the production of power, and for the purpose of conveying the water to the various manufacturing plants that had been or that might be erected.   It also owned a tract of land available for the erection of such manufacturing establishments.

By an indenture dated August 1, 1892, between the plaintiff and the defendant, the former conveyed to the latter the land upon

which its mill has been erected, and also the perpetual right to take from one of the plaintiff's canals and use, subject to the conditions named in the indenture, a definite quantity of water per second at an agreed head and fall, during certain days and hours, for the use of which the grantee covenanted to pay a fixed rental, payable quarterly. The indenture contained a covenant upon the part of the grantee, "that the grantee shall not use at any time more water than is herein granted, or than it is entitled to use according to the terms hereof." And also another covenant as follows: "The grantee agrees with the grantor that the grantee, its successors and assigns, will promptly do, perform and abide by all the things stipulated for, or contemplated to be done, or omitted by the grantee, its successors or assigns, subject nevertheless to the provision that neither the grantee its successors or assigns, shall be subject to any damages by reason of any default herein, except. from and after written notice of such default from the grantor, its successors or assigns, or from other persons or corporations injured."

This action is assumpsit upon an account annexed to the writ, wherein the plaintiff seeks to recover compensation for an amount of water taken, and used by the defendant, in excess of the water specified in the indenture. The defendant contends that the plaintiff has misconceived its remedy, that if the defendant had taken and used water in excess of the amount specified in the indenture, it would be liable in damages for a breach of its covenant, but only "from and after written notice of such default from the grantor," in accordance with the terms of the covenants above quoted. Counsel for defendant, in accordance with this contention, requested the court to rule that the action could not be maintained in this form, and excepts to the refusal to so rule, and also to an instruction to the jury, stated as follows in the bill of exceptions: "In the charge to the jury, the court, after stating the elements from which an implied contract may exist, instructed that if, from the evidence before them, they found an implied contract to have existed between the plaintiff and defendant to the effect that defendant was to pay plaintiff a fair price for what, if

any, excess water it used of the plaintiff, then this action could be maintained, and that plaintiff would be entitled to recover what such excess water so used was fairly and reasonably worth."

The position of defendant's counsel would undoubtedly be correct if the action was based upon the indenture or the covenants therein contained. But the fact that the plaintiff had conveyed to the defendant the right to take and use a precisely defined quantity of water, did not prevent the parties from subsequently making a new contract as to other water the right to use which had not been conveyed. Such independent subsequent contract might be written or oral, express or implied.

If water was taken and used by the defendant in excess of the quantity that it had a right to use, with the consent of the plaintiff, and under such circumstances as to raise an implied promise upon the part of the defendant to pay what the use of the water was fairly worth, then the action of assumpsit is proper and the only form of action, except that of debt, maintainable. This is precisely what was claimed by the plaintiff at the trial, as shown by the instruction of the presiding justice to the jury above quoted. And this question of whether or not there was an implied promise upon the part of the defendant to pay for this water in excess was one of the questions submitted to the jury, and decided in favor of the plaintiff.

It is urged that the familiar principle that the law does not imply a contract where an express one has been made, is applicable to this case because of the provisions of the indenture. We do not think so. The indenture conveyed the right to use a definite amount of water; it contained no provision as to the use of the remaining water, except the covenant of the grantee that it would not take more water than the amount specified. But this covenant did not prevent the making of a subsequent contract in relation to the water the use of which had not been disposed of. The plaintiff, having conveyed the right to use a portion of the water running in its canal, and having retained the use of the remaining water, might sell, or make a contract in relation to the use of the remaining water with the defendant or with any one desiring to use

it for the production of power. And in the absence of an express contract in relation thereto, an implied contract might be found to exist from the circumstances attending its use. Nor was it necessary, before such new and independent contract could be made, in relation to the use of the water remaining undisposed of, that the prior indenture should be in any way modified or rescinded by the parties.

We are not asked by the defendant to set aside the verdict upon the ground that the evidence did not show an implied promise of the defendant to pay for the water taken and used by it. In fact, the evidence is not made a part of the exceptions, and the defendant resists the plaintiff's motion to set aside the verdict because of the inadequacy of the amount found by the jury to be due the plaintiff. The refusal, therefore, of the presiding justice to rule that the action was not maintainable, and his instructions to the jury relative to an implied contract, were proper.

Exception was also taken to the introduction in evidence, subject to the defendant's objection, of " certain bills from time to time rendered by plaintiff to defendant, containing among other items, items of excess water alleged to have been used by the defendant before the presentation of said account." It is urged that these were not such notices as are required by the covenant above quoted, and that they were not evidence of any implied contract. These bills were not offered as notices under the covenant contained in the indenture. We have already seen that the action was not based upon the covenant, but upon the implied promise claimed to have been made subsequent to the indenture. For the purpose of proving such an implied contract they were certainly admissible as having some tendency, in connection with the evidence of other facts and circumstances, to prove such a contract. The exceptions must consequently be overruled. ·

Plaintiff's motion. The items sued in the plaintiff's writ, consisting almost entirely of charges for the use of water in excess of that specified in the indenture, amounted in the aggregate to the sum of \$42,437.12, exclusive of interest. After a long hearing

before an auditor, continuing for twenty-two days he allowed the plaintiff the sum of $18,302.84, exclusive of interest. The verdict was for $14,111.20. The plaintiff's counsel now argue that this amount was manifestly inadequate, relying mainly upon the claim that the plaintiff's testimony proved conclusively that the defendant had used the amount of water sued for, in excess of the amount that it had the right to use by virtue of the grant to it, subject at most to the possibility of very slight variation in the accuracy of the measurements.

But, even if this were conceded, the quantity of the water used was not the only question involved. Quite as important a question was as to what would be a fair and reasonable compensation for the amount of water used. The rental, fixed by the indenture for the use of the water sold, does not necessarily determine what would be a fair compensation for the use of more water from the same canal. The plaintiff having granted to the defendant the use of a definite quantity of water for a rental of $20,000 per annum, it is quite conceivable that a fair price for the use of water in addition to the amount specified, taken from the same canal, would be a much lower proportional rate. This would depend upon the demand for the additional water during the period that it was taken and used, as well as upon other circumstances and conditions.

Besides, the jury could only give compensation in this form of action for the use of so much water as was found to have been taken under circumstances from which a promise to pay therefor might be implied. These questions were pure questions of fact and peculiarly within the province of the jury to decide. The evidence does not satisfy us that the verdict should be disturbed.

*Defendant's exceptions and plaintiff's motion*
*overruled.   Judgment on the verdict.*